## U. S. DISTRICT COURT.

In the Matter of JOHN A. COLBY *et al.*, bankrupts.

*Bankruptcy — composition in — Creditor secured by mortgage — his right to percentage for deficiency — right not forfeited by failing to surrender security, or to have it valued.*

A secured creditor is entitled to the percentage agreed upon in the composition proceedings, on the deficit unpaid on realizing such security. Such claim is not discharged by the composition proceedings.

A creditor, whose debt is secured by mortgage, is entitled to share in the percentage adopted in the composition proceedings, upon any deficiency arising upon the sale.

Where the debt, for which the creditor held security, was a partnership debt, and was included in the statement of assets and debts produced at the first meeting in composition, although such creditor did not appear or take part in such proceedings, the debt is, so far as it is an unsecured debt, clearly included by the statute, within those to which the composition extended.

Unless the creditor surrendered his security, or had his security valued or the unsecured balance ascertained, he could not vote at the meeting; but, by failing to do this, he did not forfeit his right, as an unsecured creditor, to take his percentage under the composition so far as he was unsecured (*See S. C., ante*, 168).

*Southern District of New York, June,* 1879.

*G. H. Brewster,* for bankrupt.

*R. S. Newcombe,* for creditor.

CHOATE, *J.*— The bankrupts filed their voluntary petition August 30, 1878. On the fifteenth of January, 1879, after

proceedings duly had a composition resolution was finally approved and ordered to be recorded. The composition was for twenty-five cents on the dollar payable within ten days from the date of the final order.

Among the creditors whose names and addresses and the amount of whose debts were mentioned in the statement produced at the first meeting in composition was one Moritz Cohn whose debt was therein stated as a secured debt, the amount of which was $14,100.18, and the security two mortgages executed by the bankrupt, Colby and wife, on real estate situated in the city of New York. In Colby's statement of assets the real estate is entered as of no value over incumbrances. The statement produced at the meeting did not show any estimate of the excess of said debt above the security. The creditor, Cohn, had due notice of the meeting but did not appear nor take part in the proceedings. The composition has been paid to the other creditors. On the third of January, 1879, the bankrupt, Colby, presented his petition to this court showing that since the filing of his petition in bankruptcy a suit of foreclosure had been commenced on said mortgages by Cohn, the mortgagee, in which the said Cohn was proceeding to judgment for the deficiency against him personally and praying the usual order staying such proceedings for the enforcement of said debt, and on the fourth day of January, such stay was granted. On the 7th of February, 1879, Cohn presented his petition asking that the injunction thus granted on the fourth of January, be modified so far as to permit him to proceed with said suit to a foreclosure and sale of the property, "and to ascertain what, if any, deficiency there may thereafter remain due upon said mortgages." On this petition an order to show cause was issued and served on the bankrupt, Colby, and on the 12th day of February, 1879, an order was entered upon the consent of the said bankrupt modifying the injunction, "so as to permit said Cohn to proceed with the suit to foreclose the mortgages, and to sell the mortgaged premises if a decree be

granted, and, also, proceed so far as to take up the report of the referee upon such sale, if had, for the purpose of ascertaining what, if any, deficiency may remain due to said Cohn after such foreclosure sale." In accordance with this order modifying the injunction, the property has been sold, and a deficiency of $6,414.41, is the result of the foreclosure suit. Since this deficiency has been ascertained, the creditor, Cohn, has demanded of the bankrupt, Colby, the composition, to wit., twenty-five per cent upon the deficiency, which Colby has refused to pay, claiming that by the proceedings in composition he is absolutely discharged from all personal liability for the debt.

Upon these facts the creditor, Cohn, asks that the injunction be dissolved so that he may enter a personal judgment against Colby for the deficiency, or that he have an order directing Colby to pay the composition on the deficiency, and for other relief.

The only question presented and argued by counsel is whether, upon these facts, the debt is absolutely discharged, and the creditor, Cohn, asks only such relief as will enable him, in respect to the deficiency, to obtain payment of the composition on it.

It does not appear either by the schedules filed or otherwise, that the bankrupt, Colby, by the terms of the mortgage, became personally liable to the mortgagee, Cohn, for the debt by any bond or other individual obligation given by him, or that he is otherwise bound personally for said deficiency, than as the same represents an unpaid balance of a debt of the firm for the securing of which the mortgages were given.

It is insisted, however, that the debt of the firm is absolutely discharged, because they did not proceed before the close of the composition proceedings, or before the time fixed for the payment of the composition, to have the value of his security ascertained in one of the methods provided for under Revised Statutes, section 5075, and that it is now too late, after the composition has been effected and carried out for a secured

creditor to avail himself of this provision of the statute, and that a composition, confirmed and carried into effect so far as unsecured creditors are concerned, is an absolute discharge of secured debts, as to which no proof has been made and no proceedings taken pursuant to the statute to ascertain their amount, if any, over and above the security. It was argued that in regard to such secured creditors, they have elected to rely on their security and not to avail themselves of the benefits of the composition to which they might have been admitted, by complying with the conditions imposed by the statute.

The precise point involved in this case was ruled against the bankrupt, in the case of *Paret* agt. *Tichnor* (16 *N. B. R.*, 316). That decision is an authority of controlling weight, and is abundantly supported by the reasoning of the court. The debt for which the creditor held security in this case, was a partnership debt, and, being included in the statement of assets and debts produced at the meeting, was, so far as it was an unsecured debt, clearly included by the statutes within those to which the composition extended. Unless the creditor surrendered his security, or had his security valued, or the unsecured balance ascertained, as it is clearly provided in the statutes that he may do (*St.* 1874, *ch.* 390, *sec.* 17, *p.* 183), he could not, indeed, vote at the meeting ; but, by failing to do this, he did not forfeit his right as an unsecured creditor, so far as he was unsecured. The composition offered by the bankrupts, is presumed to be based on a calculation of their ability to pay the agreed *pro rata* composition on all their unsecured debts, including the excess of any debts, over and above the security held by the creditors therefor.

There is nothing in the statute which excuses the bankrupts from paying the composition to a creditor who does not choose to come in and prove. They are not injured or prejudiced by a creditor not proving or not claiming payment till after other creditors are paid. And the payment to a secured creditor, upon his unsecured balance, whenever that balance shall be determined, is simply carrying out the agree-

Matter of Colby *et al.*

ment which was voluntarily entered into by the bankrupts, and which, from the time they submitted their proposition, was a part of their proposed adjustment with their creditors, understood and acted on by all parties. Nor are the methods provided in the statutes (*R. S., sec.* 5075) for ascertaining the amount of the balance of the debt unsecured, exclusive of the ascertainment of that balance by judicial proceedings, regularly instituted and carried on for that purpose.

In this case, at any rate, the bankrupt has no cause to complain of the manner in which it was ascertained since, with his own consent, the foreclosure suit was carried on to a sale and, as expressed in the order, for the purpose of ascertaining this very balance.

Where no assignee is appointed and a suit for the purpose of ascertaining the amount of the debt is permitted by the bankrupt to be carried on against him without applying to the bankrupt court for a stay, he is, of course, bound by the result.

The order of February twelfth, entered on the bankrupt's consent, modifying the stay in this case, has no meaning at all if it was not a consent by him to abide by the determination of that suit in respect to the unsecured balance of this debt. Therefore that order and his consent thereto precludes him from objecting that the amount of the unsecured balance as resulting from the sale is not correct or has not been properly ascertained.

The creditor should be allowed to pursue all his legal remedies against the bankrupt, Colby, for the amount of the composition to which he is entitled; an order will be entered modifying the injunction so that it shall not prevent the entry of a personal judgment for the agreed composition on the ascertained deficiency or any other legal remedy by action or otherwise therefor.